**Joso MILUTIN, Plaintiff,**

v.

**E. P. BOUCHARD, District Director of Immigration and Naturalization Service, New Jersey, Defendant.**

**Civ. A. No. 926-60.**

United States District Court
D. New Jersey.

April 7, 1961.

Robert S. Feder, Union City, N. J., Alfred W. Charles, New York City, of counsel, for plaintiff.

Chester A. Weidenburner, U. S. Atty., by Raymond W. Young, Asst. U. S. Atty., Newark, N. J., for defendant.

MEANEY, District Judge.

Plaintiff, a native and citizen of Yugoslavia, entered the United States on July 22, 1956 as a crewman. He was admitted to the United States for shore leave as long as the vessel on which he arrived remained but in no event to exceed 29 days. He deserted his vessel and failed to depart from the United States within the allotted period. He was sub-

sequently apprehended and ordered deported. He has applied for a stay of deportation under the provisions of section 243(h) of the Immigration and Nationality Act (8 U.S.C.A. § 1253(h).

"(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason. * * *"

After prior proceedings which need not be detailed here, plaintiff was accorded a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service on July 8, 1960. That officer recommended that deportation be stayed. This recommendation was disapproved by the Regional Commissioner and thereafter plaintiff was ordered to surrender for deportation. This action followed, seeking, *inter alia,* a declaration that the deportation order is void. Defendant has moved for summary judgment.

■ It is clear that a decision whether an alien would be physically persecuted on return to his native country was intended by Congress to be committed solely to the judgment of the Attorney General. However, an alien has the right to have his application for a stay of deportation considered, such consideration must be given in conformity with the pertinent regulations promulgated by the Attorney General himself, procedural due process must be afforded the applicant at all times, and an application may not be denied arbitrarily or capriciously or for reasons that evince a complete disregard of the law and the facts. Blazina v. Bouchard, 3 Cir., 1961, 286 F.2d 507.

The court has examined the record with due concern for the above-mentioned rights of the plaintiff. Plaintiff's application was exhaustively considered, and no claim to the contrary is made.

Plaintiff argues that the Regional Commissioner acted arbitrarily, capriciously and unreasonably in reversing the determination of the Special Inquiry Officer. Both of these administrative officials have set out at length in the record the facts presented and the conclusions drawn therefrom. Disagreement as to the probability of physical persecution engendered by those facts suggests to this court conscientious consideration and reflection by each of the officials, and under the circumstances the court has no power to disturb the determination of the Regional Commissioner, in whom the decision-making power resides.

■ Plaintiff argues earnestly that the Regional Commissioner's decision must be set aside because it was based on matter outside of the record, in violation of procedural due process and the regulations promulgated by the Attorney General. The Regional Commissioner said:

"The final decision in every Section 243(h) case is based on the particular facts existing in that case. Certain facts known to this Service, and relating to conditions as they now exist in Yugoslavia, are also considered in each case. * * *

"This Service spent many months gathering factual information about conditions in Yugoslavia. Pending receipt of that information, Section 243(h) applications submitted by Yugoslav nationals were held in abeyance to avoid any possibility of deporting any person who might be physically persecuted. The information finally obtained was obtained from various sources, including the personal observations of officers of this Service in Yugoslavia. This information and all other available evidence has been carefully considered in this case and I must conclude that in my opinion the applicant will not be persecuted upon his return to Yugoslavia."

It is abundantly clear that this consideration of factual information about conditions in Yugoslavia, albeit *dehors* the record, conforms to the regulations applicable to 8 U.S.C.A. § 1253(h). 8 C.F.R.

§ 243.3(b) (2) provides in pertinent part:

"The decision whether to withhold deportation and, if so, for what period of time shall be finally made by the regional commissioner upon consideration of all the evidence submitted by the alien and any other pertinent evidence or available information."

Plaintiff asserts that the Regional Commissioner's reliance upon information not contained in the record has deprived him of his right to be informed of and examine the evidence against him, to rebut the same, to cross-examine witnesses against him, and to present evidence in his own behalf. Without these rights, plaintiff claims, he was not accorded procedural due process.

A judicial determination based upon evidence which was not presented openly, with fair opportunity to meet it, would violate the spirit of judicial fair play which underlies and buttresses our liberty. The Regional Commissioner might very well have set forth his factual findings of conditions in Yugoslavia, but was under no obligation so to do.

■ The proceedings before the Immigration and Naturalization Service are not judicial proceedings, nor is plaintiff, who is admittedly deportable, deprived of anything rightfully his. Suspension of deportation is a matter of legislative grace (Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242) and has been committed by Congress solely to the judgment of the Attorney General. This court is of the opinion that the collection and utilization of relevant factual information in the decisional process by the Attorney General and his staff, without disclosure thereof, does not violate procedural due process, at least in the implementation of a statute such as is here involved. This is in conformity with the exercise of the very discretion contemplated by the statute.

The defendant's motion for summary judgment is granted.

Submit an order.